IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Wong, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18 C 3978 |
| RGS Financial, Inc., d/b/a RGS Collections, Inc., a Texas corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kenneth Wong, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Kenneth Wong, ("Wong"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect two defaulted consumer debts that he allegedly owed to BMO Harris Bank.

4. Defendant, RGS Financial, Inc., d/b/a RGS Collections, Inc. ("RGS"), is a

Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Northern District of Illinois. In fact, RGS was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. RGS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, RGS conducts business in Illinois.

6. RGS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, RGS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On January 19, 2018, Mr. Wong and his wife filed a Chapter 13 bankruptcy petition in a matter styled In re: Wong, N.D. Ill. Bankr. No. 18-01601. The Wongs listed two debts owed to BMO Harris Bank, accounts ending in *3104 and *6628, on Schedule F of their bankruptcy petition, see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on January 24, 2018, BMO Harris Bank was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record; it was on his credit reports; it was in the files on the creditor; and it was readily discoverable by any

competent debt collector via one of the bankruptcy "scrub" services.

10. Nevertheless, RGS sent Mr. Wong two collection letters, both dated March 14, 2018, demanding payment of the two BMO Harris Bank debts that he allegedly owed prior to the bankruptcy. Copies of these collection letters are attached as Group Exhibit E.

11. Defendant's violations of the FDCPA were material. RGS's collection communications after Mr. Wong had filed for bankruptcy made Mr. Wong believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the FDCPA and the Bankruptcy Code. Moreover, RGS's collection actions caused Mr. Wong stress and confusion as to whether he was required to pay the debt.

12. All of Defendant RGS's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004). By demanding payment of the two BMO Harris debts which were subject to Plaintiff's bankruptcy, Defendant RGS demanded payment of the debts Mr. Wong did not owe, in violation of § 1692e of the FDCPA.

17. RGS's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of debts that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibit D) provided notice to cease communications and cease collections. Despite this notice, RGS sent two collection letters attempting to collect the BMO Harris debts. By continuing to communicate regarding these debts and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

21. Defendant RGS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Kenneth Wong, prays that this Court:

1. Find that Defendant RGS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wong, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kenneth Wong, demands trial by jury.

Kenneth Wong,

By:/s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: June 7, 2018

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

5